Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant PRESIDENT HOTEL INVESTMENT LLC

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

JAMES RUTHERFORD, an individual,

              Plaintiff,

v.

PRESIDENT HOTEL INVESTMENT LLC, a California limited liability company; and DOES 1-10, inclusive,

              Defendant.

Case No. 8:19-cv-01888-JVS-JDE

**AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

Date: December 9, 2019
Time: 1:30 p.m.
Courtroom: 10C Santa Ana

Hon. James V. Selna

Complaint filed: October 1, 2019

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.      PLAINTIFF LACKS STANDING ON HIS ADA CLAIM . . . . . . . . . . . . . . 6

        A.     Plaintiff Has Not Alleged An Injury In Fact. . . . . . . . . . . . . . . . . . . . 7

            1.    Plaintiff Does Not Identify How Any Barriers Relate To Plaintiff's Disability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            2.    Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.     Plaintiff Has Not Properly Alleged An Intent To Return. . . . . . . . . . 10

            1.    Proximity Of The Hotel To Plaintiff's Residence. . . . . . . . . . . 10

            2.    Plaintiff's Past Patronage Of The Hotel. . . . . . . . . . . . . . . . . . 11

            3.    Definitiveness of Plaintiff's Plans to Return . . . . . . . . . . . . . . 11

            4.    Plaintiff's Frequency of Travel Near Defendant's Hotel . . . . . 12

            5.    Additional Factors Weigh Against An "Intent To Return.". . . . 13

        C.     Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to Defendant's Hotel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        D.     Plaintiff Lacks Standing To Claim Injunctive Relief. . . . . . . . . . . . . 14

    II.     THE UNRUH ACT CLAIMS MUST ALSO BE DISMISSED . . . . . . . . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

1

# TABLE OF AUTHORITIES

2

3

*Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) . . . . . . . . . . . . . . 5

4

*Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8 . . . . . . . . . . . . . 11

5

*Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) . . 14

6

*Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

7

*Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979) . . . . . . . . . . . . . . . . 6

8

*Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). . . . . . . 6, 7, 10, 13, 14

9

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 7

10

*Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005). . . . . . . . . . . . . . 10

11

*Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-12

12

*Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 . . . . . . . . . . . . . . . . . . . . 12

13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14

*Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005) . . . . . . . . . . . . . . 10

15

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). . . . . . . . . . 13

16

*Reycraft v. Lee*, 177 Cal. App. 4th 1211 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

17

*Rutherford v. Ara Lebanese Grill*, 2019 U.S. Dist. LEXIS 36159, at *4-5 (S.D. Cal. Mar. 5, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18

*Rutherford v. Cesar's Mexican Rest., LLC*, 2019 U.S. Dist. LEXIS 150782 (S.D. Cal. Sep. 3, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19

*Rutherford v. Econolodge*, 2019 U.S. Dist. LEXIS 31525, at *5 (S.D. Cal. Feb. 27, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

20

*Rutherford v. Evans Hotels, LLC*, 2019 U.S. Dist. LEXIS 72066, at *16-17 (S.D. Cal. Apr. 29, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

21

*Rutherford v. Los Charros*, 2019 U.S. Dist. LEXIS 60156, at *2 (S.D. Cal. Apr. 5, 2019). 9

22

*Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). . . . . 7

23

*Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). . . . . . 6

24

*Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) . . . . . . . . . . . 6

25

*Surrey v. TrueBeginnings, LLC* (2008) 168 Cal. App. 4th 414, 419. . . . . . . . . . . . . . . . . 16

26

27

28

*United States v. Hays*, 515 U.S. 737, 742 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007) . . . . . . 15

*Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014) . . . . . . . . . . . . . . . 13

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) . . . . . . . . . . 6

*Wolfe v. Stankman*, 392 F.3d 358, 360 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**INTRODUCTION**

Defendant PRESIDENT HOTEL INVESTMENT LLC d/b/a Best Western Inn (the "Hotel"), moves to dismiss Plaintiff James Rutherford's Complaint in its entirety for lack of standing or, alternatively for failure to state a claim. Rutherford is a serial Americans with Disabilities Act serial litigant of significant notoriety in the Central District of California who was a named defendant in a civil enforcement action for unfair and deceptive business practices pursuant to Bus. & Prof. Code § 17200 *et seq*. by the Riverside County District Attorney, who alleged, among other things, that Rutherford was seen easily walking up and down stairs entering and exiting his lawyer's office and made fraudulent representations in numerous cases filed in the Central District regarding his purported disabilities. Moreover, Rutherford has testified in another case pending in the Southern District on October 16, 2018 that he cannot remember having used a wheelchair for the past two years prior to the deposition.

Rutherford  is a serial, high volume Americans with Disabilities Act plaintiff, who has filed 169 similar lawsuits between the dates of March 31, 2017, and August 13, 2018, more than a year ago. *See Rutherford v. Ara Lebanese Grill*, 2019 U.S. Dist. LEXIS 36159, at *4-5 (S.D. Cal. Mar. 5, 2019). A list of the cases filed by Rutherford in both State and Federal courts that Defendant has been able to locate are attached to the Stillman Declaration as Exhibit 1.

Plaintiff lacks standing to sue under the Americans with Disabilities Act (ADA) as the complaint is devoid of anything but the most cursory legal conclusions that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged "barriers" that Plaintiff supposedly found at the Hotel are barriers to *him*, and (3) that Plaintiff has any *bona fide* intent to return to the Hotel. Plaintiff's Unruh Act claims fare no better, since any alleged barriers that Plaintiff supposedly identified during his stay at the Hotel have to be barriers *to him as a result of his disability.* The evidence shows that Plaintiff is *not* in a wheelchair, and while he might indeed be suffering from various physical ailments, none of those physical ailments are relevant to the alleged ADA architectural barriers that Plaintiff

1  claims to have discovered at the Hotel.

2  **FACTUAL ALLEGATIONS**

3  A.    Allegations In The First Amended Complaint.

4        Plaintiff is a resident of Rancho Mirage, California. Rutherford Depo, 21:17-18. A

5  copy of the relevant pages of Rutherford's deposition are attached as Exhibit 2 to the

6  Stillman Declaration.  Plaintiff alleges that Plaintiff is "substantially limited in performing

7  one or more major life activities, including but not limited to: walking, standing,

8  ambulating, sitting; in addition to twisting, turning and grasping objects." *Complaint,* ¶ 1.

9  Plaintiff claims that "As a result of these disabilities, Plaintiff relies upon mobility devices,

10 including at times a wheelchair, to ambulate."  Compl., ¶ 1. However, as discussed below,

11 he testified on October 16, 2018 that he had not used a wheelchair for the prior two years.

12 Plaintiff claims to have "visited" the Hotel on December 1, 2018 and March 14, 2019.

13 Complaint, ¶ 2.  Rutherford alleges that he personally encountered various ADA violations

14 in the Hotel parking lot that related to his disability. Complaint, ¶ 16.  Those purported

15 violations include improper slope of ramps, curb flares and inadequate signage.  Complaint,

16 ¶ 12.  In short, all of the alleged barriers alleged in the Complaint relate only to the curb

17 ramps and allegedly accessible parking spaces at the Defendants' hotel.  *Id.*  Plaintiff

18 alleges that "Upon being informed that the public place of accommodation has  become

19 fully and equally accessible, he will return within 45 days as a "tester" for the purpose of

20 confirming their accessibility."  Complaint, ¶ 20.  Plaintiff also alleges that "Plaintiff is

21 being deterred from patronizing the business and its accommodations on particular

22 occasions, but intends to return to the Business . . ."  Complaint, ¶ 19.  Accordingly,

23 Plaintiff asserts claims under the ADA, the Unruh Civil Rights Act, Cal. Civ. Code § 51–53

24 ("Unruh Act").

25        However, Rutherford has testified in *Rutherford v. Evans Hotels, LLC*, S.D.Cal. Case

26 No. 18-CV-00435-JLS(BGS) on October 16, 2018 – just six weeks before his alleged visit

27 to Defendant's hotel – that he has not used a wheelchair within the last year.  October 16,

28

2018 Deposition of James Rutherford, p. 61, lines 18-20.[1]  A copy of the pages of Rutherford's deposition are attached to the Stillman Decl. as <u>Exhibit 1</u>. Thus, all of the claims regarding ramps and curb cuts are not "barriers" to Rutherford.

Furthermore, Rutherford testified that he has resided in Rancho Mirage for approximately five years.  Rutherford 23:19-22, 27:22-25.  Yet, he still drives with an Illinois driver's license and an Illinois Disabled placard.  Rutherford 29:10-12 (Illinois license), 31:17-19 (no California handicapped placard), 32:8-11 (Illinois handicapped placard).  According to the California Vehicle Code § 22511(c)(4), a Disabled Placard issued in another state is only valid in California for 90 days, after which a California Disabled Placard must be obtained.[2]  Thus, Rutherford's Disabled Placard from Illinois is not valid in California and he has no right to park in a "disabled" parking at defendant's hotel and cannot sue based on those barriers.

Finally, although Rutherford has sued numerous hotels in Southern California, he has only stayed in *three* hotels in the past two years, one of which was for his deposition in the *Rutherford v. Evans Hotels* case.  A copy of the cases filed by Rutherford in San Diego County and in the federal Courts are attached to the Stillman Decl. as <u>Exhibit 2.</u> Thus, he has no plausible claim that when he visited Defendant's hotel, he had any *bona fide* intent to either stay at the hotel or return to the hotel.

B.    <u>People v. Rutherford</u>.[3]

---

[1]Thus, whatever alleged barriers that a person in a wheelchair might experience, if any, those barriers were *not* experienced by Rutherford as a matter of law.

[2]  See https://www.dmv.ca.gov/portal/dmv/detail/pubs/brochures/fast_facts/ffvr07 ("Travel parking placard for nonresidents who plan to travel in California and have a permanent disability and/or DV plates. Valid for up to 90 days or the date noted by your licensed medical professional on the application, whichever timeframe is less.")

[3]  Although Rutherford's demurrer was sustained without leave to amend on July 24, 2019 based on the litigation privilege, the Complaint still serves as a declaration.  *People v. Rutherford*, as filed by the District Attorney is the equivalent of a verified complaint, *See,*

On April 24, 2019, the Riverside District Attorney filed a civil enforcement action against Mr. Rutherford, *People v. Rutherford et al.*, Riverside Superior Court Case No. RIC1902577 ("*Rutherford*").  In that enforcement action, which is attached to the Stillman Decl. as Exhibit 3, the Riverside District Attorney charges Rutherford with violating the Unfair Business Practices Act, Bus. & Prof. Code § 17200, and details Mr. Rutherford's (*see Rutherford*, ¶¶ 9-10) scheme to defraud both the hotel owners and the courts by falsely claiming that Mr. Rutherford uses a wheelchair in order to have standing to sue under the ADA and the California Unruh Act, Civil Code § 51 *et seq*.  *See Rutherford,* ¶21(detailing "a few core misrepresentations" used in Rutherford's federal filings each of which are also present in this action).  The District Attorney further alleges that "Rutherford lacked standing to file and maintain each and every one of Defendants' federal ADA lawsuits, and Defendants were aware of this lack of standing at the time each and every one of their federal ADA lawsuits were filed and settled."  *Rutherford*, ¶ 26.

Further, the District Attorney alleges that Rutherford "colluded, conspired and/or otherwise agreed to engage in an ADA lawsuit scheme, designed to defraud, extract and/or extort money settlements from Riverside County individuals and businesses, based on the fraud, misrepresentations-and false allegations contained in each and every one of the federal ADA lawsuits." *Rutherford*, ¶ 27.

As for Rutherford's claim above that Rutherford is disabled, the District Attorney detailed an investigator's personal observations that the allegations in the Complaint in among others, *this* action, Rutherford was not.  *Rutherford*, ¶¶ 28-32. The Riverside County

---

*e.g., California State University, Hayward v. National Collegiate Athletic Assn.* 47 Cal.App.3d 533, 545 (1975) [allegations in complaint signed by deputy attorney general sufficient to uphold entry of preliminary injunction].) "Section 446 of the Code of Civil Procedure relieves an officer of the state acting in his official capacity from the necessity of verifying a pleading." *Id.*; *see also Paul v. Wadler* 209 Cal.App.2d 615, 624 (1962) .  The complaint therefore requires a verified Answer. Code Civ. P. § 446. Moreover, the District Attorney has appealed the Order sustaining the Demurrer and it is therefore not "final" under California law in any aevent.

1   District Attorney then details the observations of Rutherford that are inconsistent with

2   either the allegation that his is disabled within the meaning of the ADA or has experienced

3   any barriers at the Hotel that would depend, if true, on Rutherford being required to use a

4   wheelchair. For example, the Riverside County District Attorney alleges:

5   •    "Rutherford has been observed on multiple occasions, walking and ambulating
       without difficulty. Rutherford has been observed holding and/or using a cane, however
6   Rutherford's use of a cane appears to be an accessory to his daily activities, rather than a
       device Rutherford relies upon to commence or complete his daily activities." *Rutherford*, ¶
7   28;

8   •    "As an example, Rutherford was observed walking from his vehicle in the
       valet queue of a particular business to the entrance of that business without his cane, then
9   walking out of the business several hours later. On another occasion, Rutherford was
       observed walking into the same business with his cane, then leaving several hours later
10  without his cane." *Rutherford*, ¶ 29.

11  •    "On other occasions, Rutherford has been observed entering a particular
       business, bypassing the two sets of automatic doors (aka the "handicap doors" that open
12  automatically by pressing a large round disc with the blue and white handicap symbol)
       offered by that business, and instead opting to manually grab, pull and open two sets of
13  non-automatic doors. Rutherford has been observed engaging in this same behavior while
       leaving that particular business." *Rutherford,* ¶ 30;
14
       •    "On one occasion, Rutherford was observed manually grabbing, pulling and
15  opening a set of automatic doors, then walking into the business. This occurred at the same
       particular business where Rutherford has been observed, on numerous occasions, engaging
16  in behavior that is inconsistent with the claims in Defendants' federal ADA lawsuits."
       *Rutherford*, ¶ 31 (*compare,* Complaint, ¶ 1("As a result of his physical impairments,
17  Plaintiff is substantially limited in performing one or more major life activities, including
       but not limited to: walking, standing, ambulating, sitting; in addition to twisting, turning
18  and grasping objects");

19  •    "On another occasion, Rutherford was observed leaving the MacArthur Centre
       (the former location of Manning Law), holding his cane (not relying on it) and walking
20  down the middle of the flight of stairs to his vehicle in the parking lot. On that occasion, it
       was observed that Rutherford did not use the handicap lift near the stairwell, Rutherford did
21  not use the handrails on either side of the flight of stairs, and Rutherford did not park in a
       handicapped designated parking space. Such behavior is inconsistent with the claims in
22  Defendants' federal ADA lawsuits." *Rutherford*, ¶ 32.

23          Thus, *this* litigation is merely one instance of the fraudulent scheme charged by the

24  Riverside County District Attorney.

25                              **LEGAL STANDARD**

26          Jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214,

27  1242 (9th Cir. 2000); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,1039  (9th  Cir. 2004).

28  "In a facial attack, the challenger asserts that the allegations contained in a complaint are

1  insufficient on their face to invoke federal jurisdiction." *Id.* In a factual attack, the

2  challenger provides evidence that an alleged fact in the complaint is false, thereby resulting

3  in a lack of subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039.  Under a

4  factual attack, the allegations in the complaint are not presumed to be true, *White*, 227 F.3d

5  at 1242, and "the district court is not restricted to the face of the pleadings, but may review

6  any evidence, such as affidavits and testimony, to resolve factual disputes concerning the

7  existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988).

8  Defendant is making a factual challenge to the Complaint.

9  **ARGUMENT**

10  **I.**

11  **PLAINTIFF LACKS STANDING ON HIS ADA CLAIM**

12  A disabled person claiming access discrimination in violation of the ADA must

13  establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports,*

14  *Inc.,* 631 F.3d 939, 946 (9th Cir. 2011).  Article III standing requires that a plaintiff must

15  have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of

16  the defendant, and (3) that it is likely to be redressed by a favorable judicial decision.

17  *Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016), citing

18  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351

19  (1992).

20  To show standing under the ADA, a plaintiff must demonstrate that he has suffered

21  an "injury-in-fact coupled with an intent to return to a noncompliant facility," or

22  alternatively "deterrence from returning to the premises." *Chapman*, 631 F.3d at 946.

23  Plaintiff has the burden of establishing the existence of these three elements, and must

24  clearly allege facts demonstrating each element.  *Id*.  Since injunctive relief is the only

25  remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "'real

26  and immediate threat of repeated injury'" to establish an injury-in-fact for purposes of

27  standing. *Chapman*, 631 F.3d at 946.

28  Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction

in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)(citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

A.    <u>Plaintiff Has Not Alleged An Injury In Fact.</u>

An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  This includes a "requirement that a party seeking review must allege facts showing that he is himself adversely affected." *Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). The "injury in fact" element is met when a disabled plaintiff has *personally* encountered a barrier violating the ADA, based on his specific disability. *Chapman*, 631 F.3d at 947 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)). *See also, Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) (Plaintiff failed to satisfy the injury in fact requirement because Plaintiff does not relate the alleged ADA barriers to his particular disability, and cannot establish a concrete and particularized injury or a real and immediate threat of future injury).

1.    **Plaintiff Does Not Identify How Any Barriers Relate To *Plaintiff's* Disability.**

Plaintiff fails to allege how any purported violation listed in Complaint, ¶ 12 "relates to" his own disability. *Chapman*, 631 F.3d at 947. The Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability. *See Doran*, 524 F.3d at 1044 n.7 (holding that plaintiff, a wheelchair user, "cannot challenge all of the ADA violations in the 7-Eleven store. . . . Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store."); *see also Chapman*, 571 F.3d at 858 n.2 ("The Ninth Circuit does not . . . grant a plaintiff standing to challenge un-encountered barriers not related to his or her disability. For example, a non-blind, non sight-impaired person who needs a wheelchair for mobility cannot challenge barriers that

would only restrict access for a person who is blind or sight-impaired."). Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing. *See Chapman*, 631 F.3d at 947. A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." *Id.* A barrier, however, will "only amount to such interference if it affects *the plaintiff's* full and equal enjoyment of the facility on account of his particular disability." *Id.* (emphasis added). A "bare procedural violation," divorced from any concrete harm, cannot satisfy the demands of Article III standing. *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016).

Here, Plaintiff only identifies what he contends are violations of ADAAG related to the Hotel's parking spaces. Listing procedural violations without connecting them to any particular harm is insufficient to plead standing. *Spokeo*, 136 S. Ct. at 1550. None of Plaintiff's allegations describe the architectural barriers at the Hotel and how those relate to his disability other than to allege that they are "necessarily related" to his purported disability. Complaint, ¶ 16. This is insufficient under *Chapman*, 631 F.3d at 954. *See also*, *Strojnik v. Orangewood, LLC*, No. 19-00946-DSF-(JCx) (C.D.Cal. August 8, 2019)(granting motion to dismiss for lack of standing for inadequate allegations relating Stojnik's alleged disability with ADA violations). Plaintiff must do more than merely identify barriers that he encountered—he must plead how each barrier affected him because of his disability. *Chapman*, 631 F.3d at 954. The complaint is devoid of any such allegations and therefore, Plaintiff has not pled an injury in fact.

### 2. Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers.

Although the complaint is totally lacking any allegations that explain how the purported procedural violations in the Complaint, ¶12 affected Plaintiff because of his disability, it is not even clear what that disability is. No where in his complaint does he claim to use a wheelchair when he visited the Hotel and to the contrary, he testified that he *did not* use a wheelchair and thus cannot complain of any of the alleged barriers that would apply to disabled people in wheelchairs, such as the parking space violations alleged in this

1    case. *O'Campo v. Bed Bath & Beyond of Cal., LLC*, 610 F. App'x 706, 708 (9ᵗʰ Cir. 2015)

2    ("The district court properly concluded that the barriers O'Campo alleged would not

3    interfere with the full and equal access of a mobility-impaired person who requires the use

4    of a cane, rather than a wheelchair," affirming dismissal of complaint).  *See* e.g.,

5    *Rutherford,* ¶¶ 28-32.

6         In a recent case rejecting almost identical claims made by Rutherford, *Rutherford v.*

7    *Cesar's Mexican Rest., LLC*, 2019 U.S. Dist. LEXIS 150782 (S.D. Cal. Sep. 3, 2019), the

8    court held in dismissing Rutherford's complaint:

9          The FAC repeats garbled allegations about a flared curb ramp, without
            explaining how the flared ramp affects Rutherford or how it denied him access.
10         Reading through the allegations, it is difficult to discern a clear picture of what
            the parking lot looked like, what Rutherford thought was wrong with it, and
11         how it affected him. The FAC cites ADAAG Sections 406.5 and 406.3, which
            deal with the placement and slope of curb ramps and their flared sides. He
12         alleges that the ramp projects into a parking space access aisle, and that the
            curb ramp's flared sides exceeded 10%. But merely cataloguing violations is
13         not enough. *Chapman*, 631 F.3d at 954-55. For the most part, the FAC does
            not allege how these violations affected Rutherford, or denied him full and
14         equal access to the facilities. For example, it does not allege that he needs an
            access aisle free from protruding curb ramps when using his cane, or that the
15         excessively sloped flared sides affected him as he was ambulating up the ramp.
            See 2010 ADAAG Standard 402.2 (accessible route does not include flared
16         sides of curb ramps).

17   *Rutherford v. Cesar's Mexican Rest., LLC*, 2019 U.S. Dist. LEXIS 150782, at *3-4 (S.D.

18   Cal. Sep. 3, 2019).

19        The most that Rutherford alleges (falsely) is that "at times" on a wheelchair.

20   Complaint, ¶ 1.  However. "it is not enough merely to allege that Rutherford 'at times' uses

21   a wheelchair, and to point out technical ADA violations in the parking lot and restroom that

22   might affect someone who uses a wheelchair." *Rutherford v. Los Charros*, 2019 U.S. Dist.

23   LEXIS 60156, at *2 (S.D. Cal. Apr. 5, 2019). "To show the kind of concrete injury

24   necessary to establish jurisdiction at the pleading stage, he must plead facts showing the

25   likelihood that he would visit Los Charros again *while using a wheelchair*, and that the

26   violations he alleges would be likely interfere with his full and equal use of the facilities."

27   *Id.* (Emphasis added) Thus, there is no alleged disability that Rutherford can even tie to any

28   alleged barrier.

1    Moreover, as discussed above, Rutherford lacks standing to sue for alleged violations

2    of the ADAAG regulations regarding parking spaces because he does not have a valid

3    California Disability placard despite living in California for five years.

4    B.    Plaintiff Has Not Properly Alleged An Intent To Return.

5    An injury in fact must be coupled with an intent to return.  *Chapman*, 631 F.3d at

6    946.  In determining whether a plaintiff's likelihood of visiting or returning to a facility is

7    sufficient to confer standing, courts have examined factors such as "(1) the proximity of the

8    place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of

9    defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the

10   plaintiff's frequency of travel near defendant." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d

11   1107, 1113 (C.D. Cal. 2005) (citation and quotation marks omitted); *Johnson v. Overlook*

12   *At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012).

13   Speculative, "some day" intentions of visiting a facility will not support standing.

14   *Lujan*, 504 U.S. at 564.  A general intent to return to a public accommodation is

15   "insufficient to confer standing in an action for injunctive relief." *Molski v. Kahn Winery*,

16   405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005)(citing *Lujan*, 504 U.S. at 564). A plaintiff

17   "lacks standing if he is indifferent to returning [] or if his alleged intent to return is not

18   genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him

19   due to his particular disability." *Chapman*, 631 F.3d at 953. When analyzing plaintiff's

20   intent to return to establish an "injury in fact," the Supreme Court has held that the

21   plaintiff's "profession of an intent to return . . . [was] simply not enough" for standing.

22   *Lujan*, 504 U.S. at 564. The plaintiff's intent to return was only backed by a statement that

23   she "intended to go back" but did not offer any definitive time other than some time "in the

24   future." *Id*. The Court ruled that "such 'some day' intentions—without any description of

25   concrete plans, or indeed even any specification of when the some day will be" do not

26   establish an intent to return as necessary for standing. *Id*.

27   1.    **Proximity Of The Hotel To Plaintiff's Residence.**

28

Here, Plaintiff lives approximately 108 miles from Defendant's hotel.[4]  If a plaintiff lives more than 100 miles from the public accommodation, "the distance subverts a professed intent to return." *Id*. (citing *Molski*, 405 F.Supp.2d at 1164).  However, given that Defendant's business is a hotel, which is meant to lodge individuals who are far from their residence, this factor comes out as neutral in the balancing test.

### 2.   **Plaintiff's Past Patronage Of The Hotel.**

This factor looks to the plaintiff's history of visits to the subject business.  Plaintiff does not allege that he has visited Defendant's hotel in the past nor does Plaintiff allege that he has visited the Orange County area in general except for the two trips mentioned in the Complaint. Plaintiff's lack of any past patronage is even further undermined by how far away Defendant's hotel is from his residence. It is also undermined by Rutherford's deposition testimony that he has only patronized *three* hotels in the past, one of which was in San Diego for his deposition.  In any case, Plaintiff has provided no evidence of a sincere intent to visit the area at all, let alone Defendant's hotel in particular.

A lack of patronage before the visits giving rise to the lawsuit is a factor that strongly favors the defendant business. *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-9.  Here, it does not appear that Plaintiff has ever visited Defendant's hotel before the facts giving rise to this lawsuit, let alone the entire Santa Ana area. This factor strongly favors Defendant.

### 3.   **Definitiveness of Plaintiff's Plans to Return**

If a plaintiff does not have concrete and genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9-*11. In *Blue Ravine*, for example, plaintiff Scott Johnson testified that he did not intend to go back to the defendant business until "the action is resolved and

---

[4]  Google Maps yields a distance of about 108 miles between Plaintiff's residence and the hotel. The Court can take judicial notice of this fact pursuant to Fed. R. Evid. 201(b). *Strojnik v. Pasadena Robles Acquisition, LLC*, No. 19-CV-02067-AB (PJWx) (C.D.Cal. August 14, 2019) at n. 2.

1   the property alterations are complete." *Id.* at *9. The Eastern District Court found this

2   intention insufficient, and that it provided "no definite intent to return," strongly favoring

3   the defendant. *Id.* at *9-10. In the instant Complaint, Plaintiff has alleged an even lesser

4   intent to go to Defendant's hotel: "Upon being informed that the public place of

5   accommodation has become fully and equally accessible, he will return within 45 days as a

6   'tester'." Compl. ¶ 20.  Plaintiff has provided only a "'some day'" intention, "'without any

7   description of concrete plans, or indeed even any specification of when the someday will

8   be....'" *Lujan*, 504 U.S. at 564. Particularly when considered in light of the far distance

9   between Plaintiff's residence and the subject business, any sincerity in his supposed plans

10  to return is out the window. This factor weighs heavily in Defendant's favor.

11              4.      **Plaintiff's Frequency of Travel Near Defendant's Hotel**

12              When considering this factor, a court looks to the plaintiff's assertion of

13  frequent travel near the defendant's business, such that the plaintiff would inherently be

14  more likely to frequent the business. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at

15  *11; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 (E.D.Cal. March

16  27, 2012) at *5. If a plaintiff does not allege any facts supporting his or her frequency of

17  travel near the defendant business, then this factor should weigh in the defendant's favor. In

18  *Blue Ravine*, plaintiff Scott Johnson provided no allegations or evidence that he had

19  "specific ties" to the defendant's property, or any other particular reason to frequent the

20  area. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11. The court therefore found this

21  factor to "strongly favor[]" the defendant. *Id.*

22              Similarly here, Plaintiff does not allege the frequency of his visits near Defendant's

23  hotel.  Plaintiff does not allege that he has visited the Santa Ana area in the past, that he has

24  concrete plans to do so in the future, or that the Hotel is in the geographic zone that

25  Plaintiff typically travels as part of his regular activities. *See also*, *Rutherford v. Evans

26  Hotels, LLC*, 2019 U.S. Dist. LEXIS 72066, at *16-17 (S.D. Cal. Apr. 29, 2019)

27  ("Additionally, it would appear that Mr. Rutherford, who could recall staying in only one

28  hotel in the past nine months, is not a frequent traveler").  Therefore, this factor weighs

1  strongly in Defendant's favor, particularly combined with the distance between the subject

2  business and Plaintiff's residence.

3       In sum, only one of the four factors possibly weighs in Plaintiff's favor, and only

4  slightly at that. The same balance of the factors was present in *Blue Ravine*, where the court

5  found that the plaintiff was not able to establish a genuine and definite intent to return to

6  the defendant's business. Plaintiff has entirely failed to demonstrate a definite intent to

7  return to Defendant's hotel. He therefore fails to establish standing through injury-in-fact

8  and intent to return.

9           5.    **Additional Factors Weigh Against An "Intent To Return."**

10      In addition, the purpose of the "intent to return" road to standing is to show that the

11  plaintiff will likely be harmed because barriers "continue to exist at a place of public

12  accommodation to which he intends to return." *Chapman*, 631 F.3d at 953. Here, Plaintiff's

13  intent to return is expressly contingent on the hotel coming into compliance with the ADA,

14  thus Plaintiff will not return unless the hotel comes into compliance so he will necessarily

15  not encounter accessibility barriers at that time. Plaintiff's own intent allegation therefore

16  forecloses standing based on the intent to return option. *Strojnik v. Pasadena Robles*

17  *Acquisition, LLC*, No. 19-cv-02067-AB (PJWx) (C.D.Cal. August 14, 2019) at *5-6. Given

18  that the Hotel is over 100 miles from where Plaintiff resides, and Plaintiff makes no

19  allegations that he frequents the Santa Ana area or has concrete plants to do so in the future,

20  Plaintiff's hypothetical allegations are insufficient to plead standing to sue for injunctive

21  relief under the ADA because of architectural barriers at the Hotel.

22  C.   Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to

23       Defendant's Hotel.

24      An individual can prove "injury-in-fact" by showing that he is deterred from

25  patronizing a public accommodation due to a defendant's failure to comply with the

26  ADA. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).  But a

27  plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical."

28  *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). A plaintiff must

1   allege facts to show that he "would return to the establishment if the establishment

2   were compliant with the ADA." *Id.*

3       To adequately plead deterrence, a plaintiff must provide more than the empty

4   allegation that he or she "was deterred;" rather, some sort of corroborating facts are

5   necessary to demonstrate to the court that the "threat of future injury [is] sufficiently

6   'imminent' to permit a plaintiff to sue for injunctive relief." *Blue Ravine*, 2012 U.S. Dist.

7   LEXIS 102056, at \*11-12 (quoting *Chapman*, 631 F.3d at 949).

8       In *Vogel*, the plaintiff merely stated that due to "physical and intangible" barriers, he

9   was "deterred" and "continue[d] to be deterred from visiting" the defendant's public

10  accommodation. *Id.* at \*2. The court stated that the plaintiff "failed to assert or point to any

11  colorable facts to prove that his assertion of deterrence is not merely hypothetical" because

12  the plaintiff did not provide any evidence that he would return to the public accommodation

13  if it were ADA compliant. *Id.* Thus, the court found that the plaintiff's claims did not show

14  that he was deterred from returning. *Id.*

15      Here, like in *Vogel*, Plaintiff has failed to point to any facts showing that his intent to

16  return to Defendant's hotel is not merely hypothetical. Plaintiff only stated that he is "being

17  deterred from patronizing the business and its accommodations on particular occasions, but

18  intends to return to the Business. . ." Compl. ¶¶ 19. Plaintiff has alleged no *facts* to support

19  his bare legal conclusion that he would return to the hotel if it were brought into

20  compliance and therefore has not pled deterrence.  Accordingly, Plaintiff lacks standing

21  under the ADA.

22  D.   Plaintiff Lacks Standing To Claim Injunctive Relief.

23      "To establish standing to pursue injunctive relief under the ADA, a plaintiff must

24  also "demonstrate a 'real and immediate threat of repeated injury' in the future." *Brooke v.*

25  *H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) citing

26  *Chapman*, 631 F.3d at 946.  Here, Rutherford has filed over 200 lawsuits against businesses

27  and hotels in Southern and Central Districts alone, in each one claiming that he intends to

28  return to each of the businesses.  As one court stated in referring to ADA cases by another

prolific ADA litigant, "This sort of litigation-by-the-truckload is transparently designed to extract settlements, not advance worthy ADA goals, and the Court is wary of encouraging such an approach. *Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016). The allegation that Rutherford intends to actually return to each of the hotels that he has sued in this district and others is simply implausible.

> Defendants also correctly point out that Rutherford has brought a huge number of cases in this District alone—68 in the last two years, including at least fourteen against hotels or motels, and many more against restaurants. He has also filed many more in the Central District, many against hotels, motels, restaurants, and other businesses. *Viewed as a whole, his allegations in these cases about the businesses he has attempted to patronize in different parts of the state strain credulity.* This tends to support their assertion that Rutherford is in fact not interested in patronizing the businesses he is suing, in which case he would lack standing to bring an ADA claim as well.

*Rutherford v. Econolodge*, 2019 U.S. Dist. LEXIS 31525, at *5 (S.D. Cal. Feb. 27, 2019) (emphasis added). Rutherford should be required to plead specifically why he will be staying at each of the many hotels that he has sued, if only the alleged barriers were removed. Barring such specificity, Plaintiff cannot demonstrate a "real and immediate threat of repeated injury" in the future and is not entitled to injunctive relief.

## II.

## THE UNRUH ACT CLAIMS MUST ALSO BE DISMISSED

The standing required to pursue monetary relief under the Unruh Act is different from standing to seek injunctive relief under federal or state law. *Reycraft v. Lee*, 177 Cal. App. 4th 1211 (2009). Unlike the ADA, standing under the Unruh Act is established where a disabled plaintiff can show he or he *actually presented* himself or herself to a business or public place with the intent of purchasing its products or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion. *Reycraft*, 177 Cal. App. 4th at 1224. Thus, although Strojnik alleges that he booked a room at the hotel, as with his ADA claim, he fails to explain how any architectural barriers actually denied him equal access to the hotel.

For example, a plaintiff cannot recover damages unless the violation *actually* denied him or her equal access to some public facility. *Urhausen v. Longs Drug Stores Cal., Inc.*,

155 Cal. App. 4th 254, 265-66 (2007).  In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations.  As the court held, under that theory,

> any disabled person could sue for statutory damages whenever he or she encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3 . . .

*Id.*

In Rutherford's  Second Cause of Action, Rutherford cannot allege that he was actually denied access to the hotel.  Although he alleges that he experienced architectural barriers, he fails to explain how those alleged "barriers" impaired his ability to access the hotel or its services – especially when it is apparent that he is not in a wheelchair and does not use a wheelchair.  "[T]he cases interpreting the Act have consistently held that an individual plaintiff has standing to bring claims thereunder only if he or he has been the victim of the defendant's discriminatory act." *Surrey v. TrueBeginnings, LLC*, 168 Cal. App. 4th 414, 419 (2008).  Thus, if he is able to "ambulate" as he calls it, it is irrelevant whether there are alleged violations of ADAAG in the parking lot.  *Toyota*, 534 U.S. at 195.

## III.

## THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER RUTHERFORD'S STATE LAW CLAIM

Defendant intended to fully brief the issue of whether this Court should decline to exercise supplemental jurisdiction over Rutherford's state law claims under the Unruh Act. However, in *Perri v. Equity One LLC*, Case No. 19-5544 PA (GJSx) (C.D.Cal. August 27, 2019), where Plaintiff is represented by the same counsel as Rutherford, Judge Anderson has summed up *in toto* what Defendant would have presented here.  Accordingly, Defendant incorporates Judge Anderson's detailed Order declining to exercise supplemental jurisdiction by reference herein.  A copy of that Order is attached hereto as Exhibit 1 for the Court's convenience.  For all of the reasons set therein, Defendant urges

1 | this Court to enter the same Order in this case.

2 | **CONCLUSION**

3 |      For the foregoing reasons, Defendant requests that this Court grant its Motion to

4 | Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) with prejudice and

5 | without leave to amend.

6 |        Respectfully Submitted,

7 |        STILLMAN & ASSOCIATES

8 |

9 | Dated: November 13, 2019    By:_____

10 |        Philip H. Stillman, Esq.
       Attorneys for defendant PRESIDENT HOTEL
       INVESTMENT, LLC

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on November 13, 2019 or as soon as possible thereafter, copies of the foregoing Notice of Errata and corrected Memorandum of Points and Authorities was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for PRESIDENT HOTEL INVESTMENT, LLC