Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorney for Plaintiffs:
JAMES RUTHERFORD
and PATRICIA FILARDI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual; PATRICIA FILARDI, an individual;<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENT HOTEL INVESTMENT LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>**Defendants.** | Case No. 8:19-cv-01888-JVS-JDE<br><br>**First Amended Complaint For Damages And Injunctive Relief For:**<br><br>**Judge: Hon. David O. Carter**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* **as amended by the ADA Amendments Act of 2008 (P.L. 110-325).**<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq*.<br><br>**Complaint Filed: October 1, 2019** |

Plaintiff, JAMES RUTHERFORD ("Rutherford"), an individual, and PATRICIA FILARDI ("Filardi"), an individual (collectively "Plaintiffs"), complain of Defendants PRESIDENT HOTEL INVESTMENT LLC, a California limited

---

FIRST AMENDED COMPLAINT

liability company; and Does 1-10 ("Defendants") and allege as follows:

**PARTIES**

1.  Plaintiff James Rutherford is substantially limited in performing one or more major life activities caused by spinal stenosis that is aggravated by a herniated disc, and arthritic conditions in his hands, including but not limited to: walking, standing, ambulating, sitting; in addition to twisting, turning and grasping objects. As a result of these disabilities, Mr. Rutherford relies upon mobility devices, including at times a rollator or wheelchair, to ambulate. Plaintiff Rutherford is also the holder of a Disabled Person Parking Placard.

2.  Plaintiff Patricia Filardi is the fiancé of Plaintiff Rutherford. Ms. Filardi is an adult quadriplegic who uses a wheelchair for mobility. She has a specially equipped van with a ramp that deploys out of the passenger side of her van. She is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. She requires the use of a wheelchair at all times for mobility and life functions. At all times relevant and prior to instituting this action, she suffered from a "qualified disability" under the ADA. Ms. Filardi has a Disabled Person Parking Placard issued to her on a permanent basis.

3.  With such disabilities, Plaintiffs qualify as members of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff Rutherford's visits to Defendant's facility and prior to instituting this action, Plaintiffs suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.

4.  Plaintiff Rutherford often travels with his fiancé, Plaintiff Filardi, and further seeks relief based on his association with Plaintiff Filardi.  Plaintiff Rutherford is protected under the ADA because he has a qualified disability, but is

also protected under the ADA, pursuant to pursuant to 42 U.S.C. § 12182(b)(1)(E) and 28 C.F.R. § 36.205, from acts or omissions that discriminate against him because of his known "association with" an individual who has a disability.

5. Plaintiffs are informed and believe and thereon alleges that Defendant PRESIDENT HOTEL INVESTMENT LLC, a California limited liability company, owned the property located at 2700 Hotel Terrace, Santa Ana, California 92705 ("Property") on or around December 1, 2018 and March 14, 2019.

6. Plaintiffs are informed and believe and thereon alleges that Defendant PRESIDENT HOTEL INVESTMENT LLC, a California limited liability company, owns the Property currently.

7. Plaintiffs do not know the true name of Defendants, their business capacity, their ownership connection to the subject property serving Best Western Inn ("Hotel"), or their relative responsibilities in causing the access violations herein complained of. Plaintiffs are informed and believe that each of the Defendants herein, including Does 1 through 10, inclusive, are responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

9. This court has supplemental jurisdiction over Plaintiffs' non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiffs' Unruh Civil Rights Act, California Civil Code § 51 *et seq*., **("**UCRA") claims are so related to Plaintiffs' federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy

under Article III of the United States Constitution.

10. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiffs' causes of action arose in this district.

## FACTUAL ALLEGATIONS

11. Plaintiff Rutherford went to the Hotel on or about December 1, 2018, for the purposes of booking a room for him and his fiancé, Plaintiff Filardi, and to ensure that the Defendant's hotel will accommodate him and Ms. Filardi. Plaintiffs intended to stay at Defendant's hotel to celebrate the holidays with friends who lived nearby. The Hotel's location in Santa Ana is also conveniently located for Plaintiffs because their attorney's office is nearby in Newport Beach, which Plaintiff Rutherford frequently visits.

12. Plaintiff Rutherford also visited the Hotel to assess whether it is accessible to other persons with disabilities within the meaning federal and state law.

13. The Hotel is a facility open to the public, a place of public accommodation, and a business establishment.

14. Parking spaces are one of the facilities, privileges and advantages reserved by Defendants to persons at the property serving the Hotel.

15. Although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG").

16. At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: there is no ADASAD compliant accessible or van accessible parking signage in violation of Section 502.6; the curb ramps providing access project into the parking space access aisles in violation of Section 406.5 (curb ramps and the flared sides of curb ramps shall be located so that

they do not project into vehicular traffic lanes, parking spaces, or parking access aisles); the slope of the curb ramp flares at the curb ramp connecting the accessible parking spaces to the accessible route exceed 20% in violation of Section 406.3 which requires that the slope does not exceed 10%; the accessible parking curb ramps incline at 14% but Section 405.2 requires a maximum slope of 8.3%; parking spaces and access aisles serving them shall comply with 302 (access aisles shall be at the same level as the parking spaces they serve, and changes in level are not permitted); and, there is no accessible route connecting the accessible parking to elements within the facility as required by Section 206.2.2 which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site.

17.   Plaintiff Rutherford used his rollator, a mobility device, when he visited the Hotel and personally encountered the mobility barriers to access in the Hotel's parking lot in December 2018.

18.   Because of the barriers to access that would not accommodate him or his fiancé's mobility disabilities, Plaintiff Rutherford did not book a room at Defendant's Hotel.  Plaintiff Rutherford informed Plaintiff Filardi that Defendant's Hotel had barriers to access and Ms. Filardi became aware of them.

19.   Plaintiff Rutherford returned to the Hotel on March 14, 2019, to assess whether its features were still inaccessible for him and his fiancé, Ms. Filardi. During this visit, Plaintiff encountered the same barriers to access as he encountered on December 1, 2018.  Plaintiff Filardi too learned that, as of March 14, 2019, the Hotel still had the same barriers to access in the parking lot and pathways.

20.   Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiffs assert there are additional ADA violations which affect them personally.

21.   Plaintiffs are informed and believe and thereon allege that Defendants had no policy or plan in place to make sure that there was compliant accessible

1 parking reserved for persons with disabilities prior to December 1, 2018 and March 14, 2019.

22. Plaintiffs are informed and believe and thereon allege Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

23. Plaintiff Rutherford personally encountered these barriers. The presence of these barriers related to Plaintiff Rutherford's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

24. Due to the investigation by Plaintiff Rutherford, Plaintiff Filardi learned of the barriers to access that existed at the Hotel December 1, 2019, and March 14, 2019, and had actual knowledge of said physical barriers to access.

25. In addition to the denial of his own access to the Hotel, Plaintiff Rutherford has also been denied the same, services, facilities, privileges, advantages, and accommodations to Plaintiff Filardi because of his known association with his fiancé who he wished to travel with. The incident caused both Plaintiffs to feel upset, fearful, frustrated, and humiliated.

26. The conditions identified related to Plaintiffs' legally recognized disabilities in that Plaintiffs are substantially limited in the major life activities of walking, standing, ambulating, sitting, in addition to twisting, turning and grasping objects, Plaintiffs are holders of a disabled parking placards, and because the enumerated conditions relate to the use of the accessible parking and relate to the slope and condition of the accessible parking and accessible path to the accessible entrance.

27. As individuals with mobility disabilities who rely upon wheelchairs or other mobility devices, Plaintiffs have a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

28. Plaintiffs are being deterred from patronizing the Hotel and its accommodations on particular occasions, but intend to return to the Hotel for the dual purpose of availing themselves of the goods and services offered to the public and to ensure that the Hotel ceases evading its responsibilities under federal and state law.

29. Upon being informed that the public place of accommodation has become fully and equally accessible, Plaintiff Rutherford will return within 45 days as a "tester" for the purpose of confirming accessibility. *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

30. As a result of their difficulties experienced because of the inaccessible condition of the facilities of the Hotel, Plaintiffs were denied full and equal access.

31. The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

32. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

33. Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that there are other violations and barriers in the site that relate to their disabilities. Plaintiffs will amend the First Amended Complaint, to provide proper notice regarding the scope of this lawsuit, once they conduct a site inspection. However, the Defendants are on notice that Plaintiffs seek to have all barriers related to their disability remedied. See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, the

1 plaintiff can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

34. Without injunctive relief, Plaintiffs will continue to be unable to fully access Defendants' facilities in violation of Plaintiffs' rights under the ADA.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

35. Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

36. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are

readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12183(a)(2).

37. Any business that provides parking spaces must provide accessible parking spaces.  2010 Standards § 208.  Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles."  2010 Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

38. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

39. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiffs is a violation of law.

40. Discrimination includes denying the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations available at a place of public accommodation to an individual with a disability or to any other individual because of that individual's known association with an individual with a disability.  42 U.S.C. §§ 12182(a) and 12182(b)(1)(E); 28 C.F.R. §§ 36.202 and 36.205.

41. Defendant's failure to provide accessible services, facilities, privileges, advantages, and accommodations that denied Plaintiff Filardi access – of which she had actual knowledge – also resulted in the denial of the same services, facilities,

privileges, advantages, and accommodations to Plaintiff Rutherford because of his known association with his fiancé, Ms. Filardi.

42. Given its location and options, Plaintiffs will continue to desire to patronize the Hotel but they have been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.*

43. Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

44. California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

45. Because Defendants violate Plaintiffs' rights under the ADA, Defendants also violated the UCRA and are liable for damages. (Civ. Code § 51(f), 52(a).) These violations are ongoing.

46. Plaintiffs are informed and believe and thereon allege that Defendants' actions constitute discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendants have been previously put on actual or constructive notice that the Hotel is inaccessible to Plaintiffs. Despite this knowledge, Defendants maintain its premises in an inaccessible form, and Defendants have failed to take actions to correct these barriers.

## PRAYER

**WHEREFORE, Plaintiffs pray that this court award damages provide relief as follows:**

1. A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325), and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property; Note: Plaintiffs are not invoking section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act (Cal. C.C. §54) at all.

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this First Amended Complaint.

Dated: November 18, 2019            **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Attorney for Plaintiff